UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIC PETRECE STANLEY, JR., <br>     Plaintiff, <br>   v. <br> COX, et al., <br>     Defendants. | Case No. 25-cv-03630-JD <br><br> **ORDER RE DISMISSAL** |

Plaintiff, a convicted prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend, and plaintiff filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court will identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings are liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

1   cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above

2   the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

3   omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its

4   face." *Id.* at 570. "While legal conclusions can provide the framework of a complaint, they must

5   be supported by factual allegations. When there are well-pleaded factual allegations, a court

6   should assume their veracity and then determine whether they plausibly give rise to an entitlement

7   to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

8   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by

9   the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

10   committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff says that he was unlawfully arrested and falsely imprisoned by Antioch Police. He seeks money damages. To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid under Section 1983, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Consequently, such a claim for damages, that is, one bearing such a relationship to a conviction or sentence that has not been so invalidated, is not cognizable under Section 1983. *Id.* at 487.

Plaintiff states that on September 25, 2018, he was unlawfully arrested by several police officers and charged with child abduction of his daughter, willful cruelty of a child, and violation of a court custody order, without any supporting evidence. Plaintiff was held for two days and released but was immediately rearrested and charged with child abduction and committing a lewd or lascivious act upon a child. Plaintiff contends that the prosecutor and police officers conspired to suppress favorable evidence and falsified other evidence during his prosecution and unlawfully imprisoned him for six years. On March 18, 2024, the prosecutor dismissed the child abduction charge. Court records indicate that on April 29, 2024, plaintiff was found guilty after a jury trial

2

of numerous counts of sexual intercourse or sodomy with a child and committing forcible lewd acts upon a child. *See People v. Stanley*, Case No. 05001905710 (Contra Costa County).

Plaintiff previously filed a case with the same allegations regarding his September 25, 2018, arrest. *See Stanley v. Kidd*, Case No. 23-cv-0798 JD. That case was stayed pursuant to *Wallace v. Kato*, 549 U.S. 384, 393 (2007), because plaintiff could not continue with a false arrest claim while the criminal prosecution was ongoing. *Id*., Dkt. No. 10 at 2-4. Plaintiff was informed that the stay could be lifted once he was acquitted, convicted, or charges were dismissed. *Id*. at 4. Plaintiff was told that if he was convicted and if the claim would impugn that conviction, the action would be dismissed. *Id*.

Since plaintiff's earlier case, he was convicted of multiple counts related to his arrest. The original complaint in this case was dismissed with leave to amend to address why his claims are not still barred by *Heck* and *Wallace*. Plaintiff was informed that he cannot obtain money damages related to his arrest, imprisonment, and prosecution unless the conviction is reversed or expunged. Plaintiff filed an amended complaint.

Plaintiff argues that there was no probable cause to arrest him, and he should be permitted to seek money damages because the child abduction charge was dismissed just prior to his conviction. Dkt. No. 9 at 1-2, 5-9. He also states that there is newly discovered evidence and because of prosecutorial misconduct, he will obtain a new trial or dismissal of the charges. *Id*. at 1-2. Plaintiff notes that that trial court denied his motion to dismiss and suppress evidence due to the illegal arrest that he challenges here. *Id*. at 28.

The issue is whether a judgment in favor of plaintiff's Section 1983 claim for false arrest and imprisonment would necessarily imply the invalidity of his outstanding criminal conviction. During the criminal prosecution, the trial court specially ruled that the arrest petitioner challenges in this case was proper, and no evidence related to the arrest would be suppressed. A judgment in favor of plaintiff for his Section 1983 claim that he was falsely arrested and imprisoned for abducting the child would call into question his conviction for sexual intercourse or sodomy with the child and committing forcible lewd acts upon the child.

**CONCLUSION**

This action is dismissed as duplicative of the earlier stayed case. *See Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007). Plaintiff may seek to reopen the earlier case if the conviction is reversed or overturned. The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: July 14, 2025

JAMES DONATO
United States District Judge